# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 15-3023-01-CR-S-MDH |
| NICHOLAS J. DICKERSON, ) | |
| Defendant. ) | |

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW defendant by and through counsel of record and respectfully requests this Court to impose a fair and just sentence of 180 months in the Bureau of Prisons in this case. A term of 180 months is reasonable and in Defendant's particular set of circumstances achieves all of the goals of 18 U.S.C. §3553(a). In support of this request, Mr. Dickerson respectfully submits the following memorandum for the Court's consideration.

## SUGGESTIONS IN SUPPORT

I. Brief Procedural History

On February 24, 2015 a Federal Grand Jury in the U.S. District Court for the Western District of Missouri returned a one count Indictment charging Mr. Dickerson with one count of knowingly persuading, inducing, and enticing an individual below the age of 18 to engage in sexual activity in violation of 18 U.S.C. §2251(a) and (b). Mr. Dickerson, on August 4, 2015 timely entered a plea of guilty to the one count indictment.

## II. Argument

### A. Family and Personal History

Mr. Dickerson's family and personal data are contained on pages 6-7 of the Pre-Sentence Report. Further information is unnecessary here.

### B. The Court Should Consider Voluntary Cessation of Criminal Behavior

Voluntary cessation of criminal behavior is something that the Court should consider here. Although the criminal conduct occurred when Mr. Dickerson took pictures of a sexual act with his minor daughter, he immediately ceased further sexual abuse. He has explained that he sat down and discussed with his daughter that what he did was wrong, and he apologized. Although the mental trauma of the one experience no doubt already had an effect on the victim, the Defendant ceased further abuse before he was under investigation for a crime. In *United States v. Numemacher*, 362 F.3d 682 (10th Cir., 2004), the Tenth Circuit Court of Appeals determined that a downward departure was permissible where the defendant possessed and distributed child pornography on is website, but he destroyed it before he knew of the investigation. The cessation of the criminal behavior by Mr. Dickerson is something the Court here should consider.

### C. The Court Should Consider Extreme Remorse Mr. Dickerson Has Shown

Mr. Dickerson has privately expressed extreme remorse for his actions, and plans to read a prepared statement to the Court at sentencing. He has accepted responsibility in this case quickly and efficiently, thereby keeping the Government's time and expense down in the prosecution of the case. Mr. Dickerson is extremely remorseful for his criminal behavior and understands the trauma and lifelong ramifications his actions will

have on his daughter and family for the rest of their lives. Despite the fact that the Defendant's remorse is taken into account under §3E1.1 acceptance of responsibility guideline, the Court may depart where defendant showed remorse "to an exceptional degree" because the guidelines do not expressly forbid the departure. *U.S. v. Fagan*, 162 F.3d 1280, 1284-85 (10th Cir., 1998)(*see also U.S. v. Jaroszenko*, 92 F.3d 486 (7th Cir., 1996).

## D. The Court Should Consider Other Grounds Not Adequately Considered By the Sentencing Commission - §5K2.0

As the Court is aware, Mr. Dickerson has no criminal history and thus, no periods of incarceration. The incarceration that he has seen up to this point is an invaluable, albeit expensive, lesson for him. His two children will be grown adults by the time he is released, a reality that is not lost on Mr. Dickerson. He has shed many tears over this fact. This charge and his conduct cost him his marriage, his career, and much of the formative years of his children. He understands the implications of his conduct and already sees what it has cost him and what it will continue to cost. Even once he is released from prison on this case, he is likely to have a long life ahead of him. He will be on supervised release for a number of years following release. The time that he has now served, and the time the he will serve, will help prepare him for life on the outside and will be a constant reminder of the way things can be should he choose to violate the law again. He will also participate in sex offender rehabilitation programs in the Bureau of Prisons and will be required to register as a sex offender for the rest of his life. This is education and supervision that will help Mr. Dickerson and the community moving forward.

### 1. Brief Period of Time Previously Served

Federal District Courts have been upheld when they have departed from the guidelines due to the brief period of time previously served in prison. Keep in mind, Mr. Dickerson has never served any time in prison and has served only served time in jail as a result of this offense. Courts can take that fact into account. Specifically, the 6th Circuit in *U.S. v. Collington* upheld a departure when the District Court determined that the Defendant was an ideal candidate for reform given the fact that he had only previously served 7 months in prison before the instant offense. *Collington*, 461 F.3d 805 (6th Cir., 2006). Here, for Mr. Dickerson, there is no reason why he cannot be a productive member of society once he gets the rehabilitation that is required for this type of offense.

### 2. Defendant Has Been Punished Already From Harsh Collateral Consequences

Although all convictions and sentences for crimes carry collateral consequences, Court's routinely take significant collateral consequences into account in sentencing below the guidelines. For example, in *United States v. Wachowiak*, 496 F.3d 744 (7th Cir., 2007), the District Court was affirmed where it took into consideration strong family support, the fact that his future career as a teacher was ruined, the fact that he had to resign from his job, and the fact that he would be forced to live with the stigma of being a convicted sex offender. Additionally, in *United States v. Stone*, 374 F.Supp. 2d 983 (D. N.M., 2005), the District Court varied from the guideline range based on the fact that the Defendant's employment was terminated and his wife filed for divorce as a result of the incident. The Court determined that "a sixty-month term of incarceration, coupled with Stone's personal losses, reflects the seriousness of the offense, promotes respect for the law, and provides just punishment." In Mr. Dickerson's case, he has suffered personal

losses equivalent to those considered in _Stone_ and _Wachowiak_.

### 3. The Defendant's Prior Good Deeds and Past Integrity

In _U.S. v. Canova_, 412 F.3d 331 (2d Cir., 2005), the Second Circuit affirmed a 6-level downward departure based in part on extraordinary public service and good works where the Defendant had served as a volunteer firefighter and had acted as a good Samaritan demonstrating his commitment to helping persons in distress as an instinctive part of his character. Here, Mr. Dickerson's career has been in public service. He worked as a paramedic and firefighter for the Western Taney County Fire Department and the Taney County Ambulance District respectively. He has no doubt helped saved numerous lives in his employment and that is something that should be taken into account here in fashioning a fair sentence.

### E. A Sentence of 180 Months Serves All of the Goals of §3553(a) Given the Circumstances of this Case

This case presents a case in which the Defendant's personal accolades and achievements set him apart from the average Defendant. Although the offense conduct is significant, as Mr. Dickerson fully understands and comprehends, he has been punished severely in his personal life and will continue to be punished significantly by the legislatively procured mandatory minimums. Mr. Dickerson implores the Court to give him a statutorily allowed, albeit harsh, 180 months in the Bureau of Prisons.

One of the goals of §3553(a) is to produce a sentence that is no greater than necessary for just punishment, and on a basis of an individualized determination. Mr. Dickerson has always been a law abiding and decent human being, making a positive impact on his community, his family, and the people around him. His errors in judgment

and his criminal behavior can be justly punished with a 15-year sentence followed by a period of supervised release. He has the tools to be successful in life and is a low risk to recidivate given his personal attributes, as well as the education and treatment that he will continually receive in the Bureau of Prisons. That would be fair and just under the individual circumstances of this case.

### III. Conclusion

A sentence of 180 months is below the guidelines but is within the discretion of this Court to impose. A sentence of 180 months here is sufficient but not greater than necessary to comply with the goals and purposes of §3553(a)(2).

WHEREFORE, Defendant, Nicholas Dickerson respectfully requests this Honorable Court to consider the above suggestions, and to sentencing him to a period of 180 months in the Bureau of Prisons followed by ten years to life of supervised release. With that, justice would be served.

/s/Adam D. Woody
ADAM D. WOODY, Mo. Bar 58999
Attorney for Defendant

LAW OFFICE OF ADAM WOODY
806 W. Battlefield Suite A
Springfield, Missouri 65807
417-720-4800 (Phone)
417-708-0321 (Facsimile)

### CERTIFICATE OF SERVICE

I hereby certify that on February 26, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to Assistant U.S. Attorney, Ami Miller.

/s/ Adam D. Woody
Adam D. Woody
Attorney for Defendant