IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>NICHOLAS JAMES DICKERSON,<br><br>          Defendant. | Case No: 15-3023-01-CR-S-MDH |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, by and through Tammy Dickinson, United States Attorney for the Western District of Missouri, and undersigned counsel respectfully submits this response to Defendant's sentencing memorandum in the above-captioned matter, set for a sentencing hearing on March 15, 2016. For the reasons set forth below, the Government believes Defendant's request for a 180 months is unreasonable under the factors set out in 18 U.S.C. § 3553(a), and respectfully recommends that this Court sentence the defendant to a term of incarceration of 360 months in the Federal Bureau of Prisons followed by a term of supervised release.

**I. BACKGROUND**

On February 19, 2015, the defendant, Nicholas James Dickerson, was charged by complaint with one of sexual exploitation of a child. (Doc. 1.) On February 24, 2015, the grand jury returned a one count indictment charging the defendant with the same. (Doc. 12.) On August 4, 2015, the defendant pleaded guilty before the Honorable Magistrate Judge David P. Rush to the Indictment, charging sexual exploitation of a minor. (Doc. 27.) On August 24,

2015, this Court entered an order accepting the defendant's guilty plea. (Doc. 31.) On December 2, 2015, the final Presentence Investigation Report (PSR) was filed. (Doc. 32.)

## II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)*,* "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49, 128 S. Ct. 586, 596, 169 L. Ed. 2d 445 (2007); (citing *Rita v. United States,* 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Once a correctly calculated guideline range is determined, the court should afford both parties an opportunity to argue "for whatever sentence they deem appropriate," and "should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (quoting *Gall*, 552 U.S. at 596.) In making this determination, the district court should not presume the Guidelines are reasonable, but assess each case upon the facts presented. *Id*. (citing *Gall*, 552 U.S. at 596.) "If the court concludes that a sentence outside of the Guidelines range is warranted, then it must 'consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.' " *Id*. (quoting *Gall*, 552 U.S. at 596.)

## III. DISCUSSION

### A. Statutory and Guidelines Calculations

The final PSR, filed on December 2, 2015, finds a statutory mandatory minimum term of imprisonment on Count 1 of 15 years and a maximum term of imprisonment of 30 years; a guideline imprisonment range of 262 to 327 months with the defendant being ineligible for

probation; and a guideline supervised release term of at least 5 years to life. (PSR 8, ¶¶ 50, 51, 53, 54, 55, and 56.) Neither party filed objections to the PSR.

B.      **Statutory Sentencing Factors**

1.      **Nature and Circumstances of the Offense**

On February 9, 2015, the defendant sold his cellular phone which was turned over to the Federal Bureau of Investigation (FBI). The FBI discovered an image of the defendant's nine-year-old daughter performing oral sex on the defendant on his cellular phone. (PSR 3, ¶ 5 and 7; Sent. Tr. 7.) The FBI also located search terms and links common to those who search for child pornography, and in particular, incestuous child pornography: "daughter sucks daddys cock," "daughter catches daddy masturbating," "Dad caught Blond Daughter Mastrubating and fucked her hard," "little sexy teen girls," as well as other terms. (PSR 4, ¶ 8.)

The more horrific aspect to this case is the sexual abuse of a nine-year-old child, the defendant's own daughter. The defendant professes to this Court, "[a]lthough the mental trauma of the *one* experience no doubt already had an effect on the victim, the Defendant ceased further abuse before he was under investigation for a crime." (Doc. 30 at 2.) (emphasis added.) This statement is not only misleading, but patently false and unsupported by the facts. This defendant admitted in his post-*Miranda* interview to FBI Task Force Officer (TFO) Jeffrey Burnett, that he repeatedly had victimized his nine-year-old daughter. (PSR 4, ¶ 10; Sent. Tr. 9.) The defendant admitted that the picture he took while the victim gave him oral sex was taken in his living quarters at the Taney County Fire Department Station #7, and that he had also sexually abused his daughter while residing at private residence in Branson, Missouri. (PSR 4, ¶ 10; Sent. Tr. 9.) The defendant admitted that he attempted to penetrate her vaginally with his penis, but was unable to due to her age. (PSR 4, ¶ 10; Sent. Tr. 9.) The defendant admitted to engaging in

digital penetration of his daughter's vagina, as well as mutual masturbation, and the defendant admitted he had shown his daughter pornographic images and videos on multiple occasions. (PSR 4, ¶ 10; Sent. Tr. 9.)  It is abundantly clear from the defendant's own confession that this was far from a one-time incident.  Furthermore, the defendant preyed upon his own child whom he knew to have possibly been previously sexually abused.  (PSR 7, ¶ 38.)

Although the defendant states he "immediately ceased further sexual abuse" after taking the picture, and "sat down and discussed with his daughter what he did was wrong, and he apologized," this statement is disingenuous based upon the facts of this case.  (Doc. 34 at 2.) The defendant sold his iPhone on February 9, 2015, and the image of the victim performing oral sex on the defendant was taken on February 7, 2015.  (PSR 3, ¶¶ 5 and 7; Sent. Tr. 7-8.)  Ten days later, on February 19, 2015, the FBI executed a search warrant on the defendant's living quarters, and the defendant was detained upon the filing of a federal criminal complaint.  (PSR 4, ¶ 10; Doc. 1.)  For a defendant who had been sexually abusing his nine-year-old daughter over a period of time, it may hardly be said that he "immediately ceased further sexual abuse." Furthermore, the defendant's sentencing memorandum is the first mention of this cessation of sexual abuse as well as any discussion with his daughter about an apology.

The defendant also argues that he has been "extremely remorseful," to such a degree that a departure should be granted.  (Doc. 30 at 3.)  The defendant cites to *United States v. Fagan*, 162 F.3d 1280 (10th Cir. 1998), to support his position.  However, the court in *Fagan* expressly stated that the district court may consider remorse as a factor for a downward departure if "remorse is present to an exceptional degree."  *Id*. at 1285.  Although this Court may certainly consider remorse as a factor for a downward variance, the defendant has not demonstrated such to an exceptional degree.

4

When considering the nature and circumstance of the offense, it is appalling to think that the sexual exploitation of a nine-year-old child is deserving of a downward variance to the mandatory minimum set by Congress.

## 2. History and Characteristics of the Defendant

In fashioning a "sentence sufficient, but not greater than necessary," 18 U.S.C. § 3553(a), 'district courts are not only permitted, but required, to consider the history and characteristics of the defendant.' " *United States v. Chase*, 560 F.3d 828, 830 (8th Cir. 2009), (quoting *United States v. White*, 506 F.3d 635, 644 (8th Cir.2007) (internal quotations omitted.). Consequentially, "factors such as a defendant's age, medical condition, prior military service, family obligations, entrepreneurial spirit, etc., can form the bases for a variance even though they would not justify a departure." *Id*. at 830-31. (citing *United States v. Ryder*, 414 F.3d 908, 920 (8th Cir.2005).

The defendant is a 30 year old male who has no criminal history and as such is a criminal history category of I. (PSR 6, ¶ 31.) However, a lack of criminal history in child pornography cases is common and does not set him apart from others convicted of similar crimes. See *United States v. Schupp*, 488 Fed. Appx. 170, 172 (8th Cir. 2012) (While the defendant did not have a criminal history, the district court observed that this was true of most child pornography defendants, and a downward variance would violate § 3553(a)(6)'s admonishment that defendants with similar records should receive similar sentences.)

Although the defendant reported being sexually abused in his youth (unverified by the PSR author), the defendant appears to have had a stable upbringing. (PSR 6-7, ¶ 37.) There are no reported issues in regards to his mental and emotional health or with substance abuse. The defendant reported a steady employment history, as well as certifications related to CPR, EMT, Hazardous Materials, Search and Rescue, and Firefighting I and II. (PSR 8, ¶¶ 44-47.) The

defendant self-reported surgery on his left shoulder and gallbladder, knee problems, and a potassium deficiency. (PSR 7, ¶ 40.)

The defendant urges this Court to consider the collateral consequences of his actions to impose a downward variance. The defendant states, "this charge and his conduct cost him his marriage, his career, and much of the formative years of his children." (Doc. 34 at 3.) It is lost upon the Government how these collateral consequences mitigate the defendant's criminal conduct in this case. As self-reported by the defendant, the defendant and his current wife had already separated due to infidelity on the wife's part, not on account of this charge. (PSR 7, ¶ 39.) As for his career, one would assume that taking pictures while sodomizing a nine-year-old child in your living quarters of the Taney County Fire Station would result in dismissal, even without the criminal charge. Finally, it is quite absurd to say missing the formative years of his children's lives is a mitigating factor, when the defendant caused that by his own conduct of sexually abusing his own child.

The defendant also argues to this Court his prior good deeds and past integrity as a mitigating factor for a downward variance. The defendant was an EMT for approximately 1 year and 5 months, as well as a firefighter for approximately 8 months. Although the Government respects the defendant's assertion that he may have saved lives, the short time in which he served in public service does not mitigate the lifelong devastation he imposed upon his child. In a case out of this district, a defendant made arguments similar to Defendant Dickerson, "exceptional remorse, the fact that his acts were spontaneous and unprecedented, his employment history as an officer with the Springfield police department," as well as "his susceptibility to abuse and victimization in prison, and his "tragic personal history," as factors for a downward variance. *United States v. Van Matre*, 524 Fed. Appx. 307, 308 (8th Cir. 2013). Van Matre pleaded guilty

6

Case 6:15-cr-03023-MDH    Document 36    Filed 03/14/16    Page 6 of 10

to two counts of production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e), where he concealed cameras in his fourteen-year-old step-daughter's bedroom and bathroom which recorded the victim in various states of undress. *Id*. The district court concluded,

> [N]one of the mitigating circumstances was sufficient to warrant a downward departure under the guidelines. The court also addressed Van Matre's request for a downward variance, and determined that a more favorable sentence was not appropriate given the planned nature of Van Matre's actions and his control of the camera to engineer close-up depictions of the victim. The court emphasized that Van Matre was in a position "to know very well what the law was," given his career in law enforcement.

*Id*. Similarly here, the defendant, based upon his position should have known what the law was. Furthermore, he committed the crime while residing at the fire station, hardly making him an outstanding public servant. The defendant also argues that he has "always been a law abiding and decent human being, making positive impact on his community, his family, and the people around him." That statement is quite contradictory to the offense he has pled guilty to. A lack of criminal history and a short career in public service do not detract from his heinous conduct.

### 3. Need to Promote Respect for the Law

Based on the defendant's history and actions, a sentence of 360 months would promote respect for the law.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

A sentence of 360 months would provide a deterrent to this defendant and those who wish to sexually exploit the children in our community while sending a message to others with that the sexual exploitation of children will not be tolerated.

### 5. Need to Protect the Public from Further Crimes of the Defendant

A sentence of 360 months would protect the public from future crimes of this defendant.

### 6. Need to Avoid Unwarranted Sentence Disparity Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

A sentence of 360 months would avoid unwarranted sentence disparity with those who have similar criminal history and similar conduct. A review of cases from the Eighth Circuit demonstrates that a sentence of 360 months is within the range of sentences that have been received by defendant who are similarly situated. See *United States v. Schrader*, 15-1881, 2016 WL 766708, at *1 (8th Cir. Feb. 29, 2016) (Schrader guilty plea to one count of producing child pornography in violation of 18 U.S.C. §§ 2251(a) where photographs and videos depicted Schrader's exploitation of one child, including oral, vaginal, and anal penetration, and the district court sentenced Schrader to 360 months' imprisonment.); *United States v. Bates*, 607 Fed. Appx. 609 (8th Cir. 2015) (Bates pled guilty to two counts of producing child pornography in violation of 18 U.S.C. §§ 2251(a), and the district court imposed the maximum 720 months' imprisonment*.); United States v. Appleby*, 595 Fed. Appx. 648 (8th Cir. 2014) (Appleby pleaded guilty to one count of sexual exploitation of children in violation of 18 U.S.C. §§ 2251(a) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) where he exchanged pictures with and engaged in sexual contact with a fourteen and fifteen year old victim, and the district court sentenced Appleby to 480 months' imprisonment.); *United States v. Pappas*, 715 F.3d 225, (8th Cir. 2013) (Pappas pled guilty to one count of sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) where he sexually abused his nine-year-old stepdaughter, and the district court sentenced Pappas to the statutory maximum of 480 months' imprisonment.); *United States v. Ward*, 686 F.3d 879 (8th Cir. 2012) (Defendant pled guilty to one count of sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) where he secretly

filmed the front of a twelve-year-old girl's nude body before and after she took shower, and the district court imposed concurrent sentences of 360 and 120 months' imprisonment.)

### IV. CONCLUSION

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory guideline range. The Government respectfully requests that the defendant's behavior and history, the need to promote respect for the law, the need to protect the public from the defendant, the need to avoid unwarranted disparity in sentences, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

As such, the Government respectfully requests this Court impose a sentence of 360 months' imprisonment to be followed by a term of supervised release. Such a sentence would be consistent with the circumstances of this case.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney


*/s/ Ami Harshad Miller*_____
Ami Harshad Miller
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of March, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

/s/ Ami Harshad Miller
Ami Harshad Miller